IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL P. BLISS                                                                                           PLAINTIFF

vs.                                           Civil No. 2:11-cv-02010

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Michael P. Bliss ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability applications on January 14, 2008 (DIB) and December 2, 2008 (SSI).  (Tr. 11, 58-60).  Plaintiff alleged he was disabled due to several different impairments: "[h]eart condition 2 murmurs high blood pressure; degenerative disc disease in back (L5)."  (Tr. 85).  Plaintiff alleged an onset date of September 1, 2005.  (Tr. 11, 58).  These

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

applications were denied initially and again upon reconsideration. (Tr. 20-21).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 22-29). Plaintiff's administrative hearing was held on February 24, 2009 in Fort Smith, Arkansas. (Tr. 370-423). Plaintiff was present and was represented by counsel, Fred Cadell, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") David O'Neil testified at this hearing. *Id.*

On July 7, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2011. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2005, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: "congenital pulmonary stenosis status post repair, gastrointestinal disorder, hypertension, and degenerative disk disease." (Tr. 13-14, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

The ALJ determined Plaintiff was twenty-eight (28) years old on his alleged disability onset date. (Tr. 18, Finding 7). Accordingly, Plaintiff was categorized as a "younger person" under 20 C.F.R. § 404.1563(c). (Tr. 18, Finding 7). The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 18, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant cannot engage in sustained driving as part of his job; cannot work near extreme vibrations; cannot climb scaffolds, ladders, and ropes; must not work near unprotected heights or dangerous equipment and machinery; can occasionally climb ramps and stairs, stoop, bend, crouch, crawl, kneel, and balance; must work in routine and repetitive jobs that have non-complex, simple instructions, have few variables, require little judgment, and can be learned by rote; can only have superficial contact incidental to work with the public and coworkers; and must have concrete, direct, and specific instruction.

(Tr. 14-17, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ determined Plaintiff had PRW as a mechanic's helper (heavy, semiskilled); lube servicer and tire changer (heavy, semiskilled); production laborer (medium, unskilled); appliance assembler (medium, unskilled); and auto mechanic (medium, skilled). (Tr. 18, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 418). Based upon his RFC and the VE's testimony, the ALJ determined Plaintiff was unable to perform any of his PRW. (Tr. 418). The ALJ, however, also evaluated whether there was other work existing in significant numbers in the national economy he could perform. (Tr. 18-19, Finding 10). The VE also testified on this issue. (Tr. 418-419).

Based upon that testimony, the ALJ determined a hypothetical person with Plaintiff's limitations would be able to perform representative occupations such as bench assembler (unskilled, sedentary) with 84,000 such jobs in the national economy and 4,200 such jobs in Arkansas and inspector and sorter (unskilled, sedentary) with 68,000 such jobs in the national economy and 1,000 such jobs in Arkansas. (Tr. 19). The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from September 1, 2005 through the date of his decision or through July 7,

3

2009. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeal's Council's review of the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 3-6). On January 13, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 7, 2011. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

4

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ erred in her RFC determination and erred in evaluating his credibility. ECF No. 11 at 10-16. In response, Defendant argues that substantial evidence supports the ALJ's RFC determination, and the ALJ properly evaluated Plaintiff's

credibility. ECF No. 12 at 5-11. Because this Court finds the ALJ erred in assessing Plaintiff's RFC and in evaluating his credibility, this Court will address both of Plaintiff's arguments for reversal.

During the administrative hearing in this matter, Plaintiff testified that due to his back pain, he would need a sit or stand option to perform any type of work. (Tr. 402-403). Specifically, Plaintiff testified that he could only sit forty-five (45) minutes at a time before he would need to stand for a period of time. *Id.*

Plaintiff's claim regarding this limitation is also supported by the medical record. On January 20, 2009, Plaintiff was also evaluated by Dr. Ronald V. Myers, M.D. (Tr. 312-314). Dr. Myers found Plaintiff could only sit a total of three hours during an eight-hour day, stand a total of two hours during an eight hour day, and walk a total of three hours during an eight hour day. *Id.* Such a finding indicates that, as a result of his back pain, Plaintiff could only perform sedentary work if he had a sit or stand option.[2]

Despite this allegation and the supporting medical documentation, the ALJ did not include a sit or stand limitation in her RFC determination or in her hypothetical to the VE. (Tr. 14-17, Finding 5; 418-419). The ALJ did not provide a reason for discarding Plaintiff's claim that he would require a sit or stand option in order to perform any type of work. Based upon the medical evidence, this Court cannot find the ALJ's determination on this issue is supported by substantial evidence in the record. Thus, this case must reversed and remanded.

Further, upon remand, the ALJ should more fully evaluate Plaintiff's subjective complaints. The ALJ discounted Plaintiff's allegations of disabling pain because he "maintains his friendships," "watches his six year-old child," and "performs some automotive repair work." (Tr. 17). However,

---

[2] Indeed, the SSA's own doctor found Plaintiff suffered from moderate to severe limitations due to his back pain. (Tr. 178-184).

it appears the only friendship maintained was with a woman who helped him perform house work (Tr. 411); his six-year old child did a variety of chores for him, including mowing and burning trash and was hardly a burden to watch (Tr. 410-414); and the automotive work he performed was only one job per month. (Tr. 391, 402). Standing alone, these findings do not provide a basis for discounting a Plaintiff's subjective complaints of disabling pain. Indeed, these activities are fairly limited. Thus, they should not be a basis for discounting Plaintiff's allegations. *See Hutsell v. Massanari,* 259 F.3d 707, 713 (8th Cir. 2001) (holding "a claimant need not be bedridden to qualify for disability benefits") (citation omitted).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of January, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE